IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON SWEAT AND SUE RENZELLO,<br><br>    Plaintiffs,<br><br><br><br><br><br>       vs.<br><br><br>BATELLE MEMORIAL INSTITUTE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS STATE LAW CLAIMS AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS CLASS ACTION CLAIMS<br><br><br><br><br>Case No. 2:07-CV-401 TS |

This matter is before the Court on Defendant's two Motions to Dismiss.  In their complaint, Plaintiffs allege that (1) Defendant failed to pay overtime wages as required by the FLSA, and (2) Defendant failed to pay accrued wages under the UPWA.  In the first Motion to Dismiss, Defendant argues that  Plaintiffs' state law claim must be dismissed for failure to state a claim under Rule 12(b)(6), because the Utah Payment of Wages Act ("UPWA")[1] does not provide a private right of action for the type of wrongs alleged in the Complaint.  In the second Motion to Dismiss, Defendant argues that Plaintiffs failed to timely file a motion to certify a class of employees under the Federal

_____

[1]Utah Code Ann.§ 34-28-1 et seq.

Labor Standards Act ("FLSA")[2] prior to October 31, 2007, as directed by the Magistrate Judge.[3]  For the reasons explained below, the Court will grant Defendant's Motion to Dismiss State Law Claims and deny Defendant's Motion to Dismiss Class Action Claims without prejudice.

## I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[4]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[5]  All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  But, the court "need not accept conclusory allegations without supporting factual averments."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

---

[2]29 U.S.C. § 201 et seq.

[3]The Court notes that Plaintiffs give no indication will when they will file such a request.

[4]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

granted."[8]   Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[9]

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' Complaint.  Plaintiffs are employees of Defendant Battelle Memorial Institute.  Defendant is an Ohio corporation doing business in Utah. Defendant employs at least 100 employees in Utah and in other States.  "For years"[10] Defendant has failed to pay non-management employees regular wages, overtime wages for all work performed in excess of 40 hours per week, and wages for work performed during meal or lunch breaks.

Plaintiffs were regularly scheduled for 12-hour days, which began when they reached their work station.  Prior to that, however, Plaintiffs were required to receive a kit containing safety equipment, pass through security, receive and change into company provided clothing, and walk to their work station.  The process was reversed at the end of Plaintiffs' shift, with time ending upon leaving the work station, although Plaintiffs were still required to return the company provided clothing, pass back through security and return the safety equipment.  In addition, employees were given a lunch break, but they were required to be on the premises, in company provided clothing, and on call and available for work.  The official work schedule of 12 hours did not include time prior to arriving at, or after leaving, the work station, nor did it include lunch breaks.  The time from picking up to dropping off safety equipment was often 13 hours or more.

---

[8]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10]Cmplt. at 10.

Plaintiffs worked a schedule wherein each employee worked four 12-hour days in one week, followed by three 12-hour days the next week, followed by four 12-hour days, and so on. During the weeks in which Plaintiffs worked four days, they were paid for only 8 overtime hours, and during the weeks in which Plaintiffs worked three days, they were paid for only 36 total hours.

Plaintiffs argue that it was a violation of the FLSA and the UPWA for Defendant to fail to compensate employees for the time spent on-site but not at their respective work stations, including lunch time, preparatory activities on-site, and activities necessary for employees to leave for the day. Plaintiffs' complaint also alleges that the requirements for certification of a class have been met.

### III.  PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this suit on June 19, 2007,[11] and Defendants filed their Answer on July 30, 2007.[12]  Two additional Plaintiffs submitted Signed Consent to Join forms ("Consents") on August 22, 2007.[13]  A Scheduling Order was entered on September 25, 2007,[14] establishing October 31, 2007, as the date, agreed to by the parties and the Court, by which Plaintiffs would file a motion for certification of classes for both the FLSA claims and the UPWA claims. Plaintiffs did not file any such motion prior to the deadline, nor have they filed any such motion to this day.  They have also never filed a request for an extension.  Between November 5, 2007, and

---

[11]Docket No. 1.

[12]Docket No. 4.

[13]Docket No. 11.

[14]Docket No. 15.

December 3, 2007, four additional Plaintiffs filed Consents,[15] and between April 18, 2008, and April 30, 2008, nine additional Plaintiffs filed Consents.[16]

## IV.  DISCUSSION

### A.    STATE LAW CLAIMS

Defendant argues that Plaintiffs' second claim should be dismissed because the UPWA provides a private right of action only for terminated employees.  The Utah Supreme Court has indicated that "in the absence of statutory language expressly indicating a legislative intent to grant a private right of action, Utah courts are reluctant to recognize an implied right,"[17] and that "[t]his reluctance is particularly strong when the Legislature has already designated a method of resolution through an administrative agency specifically empowered to handle [such] issues. . . ."[18]  The question before the Court, then, is whether the "plain language" of the UPWA indicates that the Utah legislature intended to grant a private right of action for the type of claim alleged by Plaintiffs.

The UPWA contains only one provision expressly creating a private right of action, for the recovery of a penalty if an employer fails to pay all wages due upon separation of an employee from

---

[15]Docket Nos. 16-19.

[16]Docket Nos. 20-22.

[17]*Machan v. UNUM Life Ins. Co. of Am.*, 116 P.3d 342, 347-48 (Utah 2005).  Plaintiffs' arguments notwithstanding, this reluctance to recognize an implied private right of action is not isolated to a single case which can be distinguished, but is a well-established principle in Utah law.  *See, e.g.*, *Buckner v. Kennard*, 99 P.3d 842, 853 (Utah 2004); *Miller v. Weaver*, 66 P.3d 592, 599 (Utah 2003); *Young v. Salt Lake City School Dist.*, 52 P.3d 1230, 1236 (Utah 2002); *Broadbent v. Board of Educ. of Cache County School Dist.*, 910 P.2d 1274, 1278 (Utah Ct. App. 1996).

[18]*Miller*, 66 P.3d at 599.  To do otherwise would be "to override, by judicial fiat, a system which the Legislature has at least tacitly, if not expressly sanctioned."  *Id.* (citing *Broadbent*, 910 P.2d at 1280).

5

the employer's payroll.[19]  Moreover, the UPWA also contains a provision entitled "Enforcement of chapter," in which the Utah Division of Antidiscrimination and Labor is entrusted with, among other things: ensuring compliance; investigating alleged violations; assessing penalties against employers found to violate the UPWA, and compensating aggrieved employees from those penalties.[20]

Plaintiffs argue against such a strict reading, and points to two cases, *Smith v. Batchelor*[21] and *Zoll & Branch, P.C. v. Asay*,[22] in which the statutory penalty *and* back wages were both collected by the terminated employee.  Plaintiffs argue that the statute does not explicitly allow employees to recover back wages, and that a wider, implied private right of action must therefore be inferred.

It is not clear that Plaintiffs may avail themselves of the cases cited for the desired principle. In *Smith*, the Utah Court was presented with only two questions: 1) had the UPWA been preempted by the FLSA; and 2) was the lower court correct in denying attorney fees to the victorious plaintiff?[23] The question of whether the UPWA granted a right of action for back wages was not before the court, and the court did not address the issue at any point in its opinion.  The *Zoll* case is even less helpful to the Plaintiffs' case, for the court was faced with two "narrow" questions: 1) is an employee who leaves employment voluntarily eligible to sue under the penalty provision; and 2) was the plaintiff entitled to attorney fees.[24]  The court looked to the plain meaning of the statute and

---

[19]Utah Code Ann.§ 34-28-5.

[20]*Id.* § 34-28-9.  *See also Id.* § 34-28-2.

[21]832 P.2d 467 (Utah 1992).

[22]932 P.2d 592 (Utah 1997).

[23]832 P.2d at 471.

[24]932 P.2d at 593.

concluded that only those employees who were terminated from employment involuntarily were entitled to sue under the UPWA, specifically citing the fact that the right to sue was listed in only one place, and excluded elsewhere.[25]

The cases cited by Plaintiffs do not support Plaintiffs' assertion that the Utah Court has found a private right of action in the UPWA beyond recovery of the penalty.  The plain language of the UPWA creates a very narrow and specific private right of action, available only to employees who have been terminated without timely payment of wages owed upon termination.  Moreover, the plain language of the UPWA entrusts the Utah Division of Antidiscrimination and Labor with enforcement of the UPWA,[26] which strengthens the assumption *against* an implied right of action. This Court is unwilling "to override, by judicial fiat, a system which the Legislature has at least tacitly, if not expressly sanctioned."[27]

However, even if the Court were inclined to find an implied right of action from the cases cited by Plaintiffs, the implied right of action would only expand the express right of action to include back wages, in addition to the penalty, in the case of an employee's termination.  The court, in *Zorn*, made clear that the right of action can only be for those employees who have been terminated by the employer.  Plaintiffs do not allege that any of the allegedly aggrieved employees in this case have been terminated by the Defendant, and so could not avail themselves of the private right of action implied in *Zorn*.

---

[25]*Id.* at 595.

[26]U.C.A. 1953 § 34-28-2; U.C.A. 1953 § 34-28-9.

[27]*Miller*, 66 P.3d at 599 (citing *Broadbent*, 910 P.2d at 1280).

7

This Court finds that there is no implied private right of action in the UPWA, and that Plaintiffs fail to state a claim for which relief may be granted under UPWA.  Therefore, the Court will grant Defendant's Motion to Dismiss State Law Claims.

B.      CLASS ACTION CLAIMS

Defendant requests that Plaintiffs' class action claims be dismissed as untimely, as Plaintiffs failed to file a motion to certify the classes prior to the deadline set by the Court in the Scheduling Order.  Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure requires that the trial judge determine whether to certify the action as a class action "[a]t an early practicable time" after the claim is filed.[28]  The Tenth Circuit has not established specific criteria for what constitutes an "early practicable time," but it has said that, "[i]n practice, however, this decision may take time."[29]

The parties argue in their memoranda regarding who is to blame for the delay in certifying a class.  Under the loose standard for timeliness implemented by the rules and the Tenth Circuit, such arguments are largely irrelevant for the purposes of determining whether Defendant's motion to dismiss should be granted.  Defendants correctly point out that the time for seeking certification has long since expired.  Additionally, the deadline in the Scheduling Order was agreed to by Plaintiffs, and Plaintiffs have neither abided by the deadline nor requested an extension of the time.  However, the fact that Plaintiffs misjudged how easy it would be to gather the evidence necessary

---

[28]Fed. R. Civ. P. 23(c)(1)(A).

[29]*State Farm Mut. Auto. Ins. Co. v. Boellstorff*, ___ F.3d ____, 2008 WL 4183339, *9 (10th Cir. 2008).  *See also* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1785.3 (3d ed. 2005) ("The reference to 'at an early practicable time' recognizes that there may be many valid reasons justifying the deferral of the initial certification decision. . . .").

to support class certification of Plaintiffs' two proposed classes is not fatal, so long as it remains practicable for a determination on class certification to be made.

It is in the interest of judicial economy that a class is required to be certified at an early practicable time. Defendants are correct when they reference additional administrative and litigation costs associated with class action suits, generally, and when a decision on certification occurs early in the process, the additional costs may be avoided. However, the Court finds that Defendants have failed to establish that the delay in certifying a class has, in fact, prejudiced it by imposing unfair administrative and litigation costs. Nevertheless, the Court is aware that the likelihood of prejudice to Defendant increases the longer Plaintiffs delay in requesting a certification, and the Court is unwilling to allow Plaintiffs to continue to disobey the Scheduling Order.

The Tenth Circuit stated in *Trevizo v. Adams*[30] that the onus is on the Court to make a determination regarding class certification "irrespective of whether the parties have requested class action status."[31] This makes it clear that the Court must take an active role in assuring that a decision on class certification is made before such a determination becomes impracticable.[32] The Court has, to this point, allowed the parties to engage in the normal discovery process, but eleven months have passed since the deadline for class certification passed, and only 6 months remain until the end of discovery. Therefore, class certification must be determined in a timely fashion. The Court will deny Defendant's Motion to Dismiss without prejudice, and Plaintiffs will be directed to file, within

---

[30]455 F.3d 1155, 1161 (10th Cir. 2006).

[31]*Id.*

[32]*Id.* (noting that if a trial court neglects to make a determination on certification before it becomes impracticable to do so, that cannot be the grounds for an automatic denial of a party's request for certification).

30 days, either a motion to certify the two classes in question or a motion for extension of the deadline imposed by the Scheduling Order.  If Plaintiffs fail to do so, Defendant may renew its Motion to Dismiss, and may rely on its previous memoranda.

V.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss State Law Claims (Docket No. 23) is GRANTED.  It is further

ORDERED that Defendant's Motion to Dismiss Class Action Claims (Docket No. 26) is DENIED without prejudice.  Plaintiffs are instructed to file, within 30 days of the date of this Order, either: 1) a motion to certify the FLSA class; or 2) a motion for extension of the deadline to file a motion to certify the FLSA class.

DATED   September 30, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge